IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| NUTRIEN AG SOLUTIONS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 1:20-CV-405-RAH-SRW |
| | ) | |
| SJW, L.L.C., *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION
## AND FINAL ORDER AND JUDGMENT

This matter is before the Court on the Motion for Summary Judgment (Doc. 19) (Motion) filed by Plaintiff Nutrien Ag Solutions, Inc. f/k/a Crop Production Services, Inc., d/b/a Agrium Financial Services (Plaintiff or Nutrien), on December 28, 2020. Consideration of the Motion has included a telephone hearing and a review of all pleadings including the evidentiary materials submitted by Nutrien. The Defendants have not filed a response or lodged any opposition to the Motion, although they have had multiple opportunities to do so. After due consideration of the pleadings and the Defendants' failure to respond or oppose the Motion, the Court finds that Nutrien's Motion (Doc. 19) is due to be granted.

## FACTS

This case arises from two unpaid credit accounts and Nutrien's attempts to obtain payment from the debtor, SJW LLC, and its two members, Steve and Jamie Wyrosdick. Nutrien brings claims of Goods Sold and Delivered, Open Account, Account Stated, Unjust

1

Enrichment, and Breach of Contract. (Doc. 1.) Nutrien moves for summary judgment on only the count for Breach of Contract. In addition to seeking the outstanding principal, Nutrien also seeks interest and attorneys' fees.

Federal jurisdiction was properly predicated on 28 U.S.C. § 1332, inasmuch as the Complaint sufficiently alleges complete diversity of citizenship between Nutrien and each Defendant, and that the amount in controversy exceeds the $75,000 jurisdictional threshold. Venue in this Court is established pursuant to 28 U.S.C. § 1391(b)(1) & (2) because all Defendants reside in this judicial district and a substantial part of the events or omissions giving rise to Nutrien's claims against the Defendants occurred in this district.

1. **Credit Account Number 1**

On March 3, 2016, SJW LLC (SJW) executed a document, entitled the Customer Profile, for purposes of opening a credit account with Nutrien so that SJW could, from time to time, purchase agricultural goods and services for its farm operations. (Doc. 20-1, p. 4.) The Customer Profile contained the terms and conditions under which Nutrien would extend credit to SJW, including an 18% annual finance charge and entitlement to attorneys' fees and expenses to enforce the parties' agreement. (Doc. 20-1, pp. 9-10.) By signing the Customer Profile, Steve and Jamie Wyrosdick also personally and unconditionally guaranteed any debt incurred by SJW. (*Id.*)

Over the years, Nutrien sold and delivered goods and services to SJW, and would transmit invoices to SJW confirming these transactions. (Doc. 20-1, p. 5.) SJW, however,

failed to pay for all sums due. Nutrien unsuccessfully demanded payment via a letter dated March 13, 2020. (Doc. 20-1, p. 17.)

As of August 31, 2020, the sum of $580,686.31 was due and owing, excluding attorneys' fees and expenses. (Doc. 20-1, pp. 6, 17-27.) Interest is accruing at the rate of $6,623.11 per month. (Doc. 20-1, p. 6.) The total sum owed, excluding attorneys' fees and expenses, totals $627,048.08 as of May 5, 2021. (Doc. 25.)

### 2. Credit Account Number 2

On April 5, 2018, SJW entered into a second credit agreement with Nutrien, the terms of which included a similar annual finance charge of 18% and liability for attorneys' fees and expenses. (Doc. 20-1, pp. 4, 12-15.) Unlike Credit Account Number 1, the Wyrosdicks did not personally guarantee this account. (Doc. 20-1, p. 14; Doc. 22.) This credit arrangement also was intended to be used for the purchase of goods and services by SJW in its agricultural operations. (Doc. 20-1, pp. 4-5.)

Over the years, Nutrien sold and delivered goods and services to SJW, and would transmit invoices to SJW confirming these transactions. (Doc. 20-1, p. 5.) SJW, however, failed to pay for all sums due. As with Credit Account Number 1, Nutrien unsuccessfully demanded payment via a letter dated March 13, 2020. (Doc. 20-1, p. 17.)

As of August 31, 2020, the sum of $78,355.96 was due and owing, excluding attorneys' fees and expenses. (Doc. 20-1, pp. 6, 28.) Interest is accruing at the rate of $1,063.66 per month. (Doc. 20-1, p. 6.) The total sum owed, excluding attorneys' fees and expenses, totals $85,801.58 as of May 5, 2021. (Doc. 25.)

### 3. Attorneys' Fees and Expenses

Because of the nonpayment on Credit Account Numbers 1 and 2, Nutrien retained legal counsel.  As of May 5, 2021, Nutrien expended $18,990.45 in legal fees and expenses enforcing the credit agreements against SJW, including correspondence and this lawsuit, at a rate of $275 per hour for shareholders and $190 per hour for associates.  (Docs. 20-2, 25.)  As clarified by Nutrien's filing of May 5, 2021, Nutrien is not seeking attorneys' fees and expenses from the Wyrosdicks.  (Doc. 25.)

## **NUTRIEN'S MOTION FOR SUMMARY JUDGMENT**

In response to the Complaint, on July 13, 2020, the Defendants filed an answer, through counsel, in which they denied liability on the debts.  (Doc. 8.)  The Court subsequently granted defense counsel leave to withdraw from representation of the Defendants on December 7, 2020.  (Doc. 17.)  On December 8, 2020, the Court issued a briefing order that set forth the briefing deadlines that accompanied any dispositive motion filing.  (Doc. 18.)

Nutrien filed its Motion for Summary Judgment on December 28, 2020. (Doc. 19.) After the Defendants failed to respond in accordance with the briefing deadlines contained in the Standard Briefing Order, on March 5, 2021, the Court issued an order requiring the Defendants to respond on or by March 19, 2021.  (Doc. 21.) The Defendants did not file any response.

On April 7, 2021, the Court issued an order setting this matter for a telephone hearing on April 28, 2021.  (Doc. 23.)   Copies of the order were mailed to the Defendants.

On April 28, 2021, the Court held a telephone hearing on the pending summary judgment motion.  In attendance was counsel for Nutrien.  The Defendants did not attend

4

or participate.

## SUMMARY JUDGMENT STANDARD

Federal Rule of Civil Procedure 56(c) provides that summary judgment shall be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material facts and that the moving party is entitled to judgment as a matter of law." The trial court's function is not "to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).

Once the movant satisfies its initial burden under Rule 56(c), the non-moving party must make a sufficient showing "to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Otherwise stated, the non-movement must "demonstrate that there is indeed a material issue of fact that precludes summary judgment." *See Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991). The non-moving party "may not rest on the mere allegations or denials of the [non-moving] party's pleading, but ... must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). "A mere 'scintilla' of evidence supporting the [non-moving] party's position will not suffice; there must be enough of a showing that the jury could reasonably find for that party." *Walker v. Darby*, 911 F.2d 1573, 1577 (11th Cir. 1990).

## DISCUSSION

1. **Choice of Law**

"[A] federal court sitting in diversity will apply the choice of law rules for the state in which it sits." *Manuel v. Convergys Corp.*, 430 F.3d 1132, 1139 (11th Cir. 2005) (*citing Klaxon Co. v. Stentor Elec. Mfg. Co.,* 313 U.S. 487, 496 (1941)). "Alabama follows the principle of 'lex loci contractus,' which states that a contract is governed by the laws of the state where it is made except where the parties have legally contracted with reference to the laws of another jurisdiction." *Cherry, Bekaert & Holland v. Brown*, 582 So. 2d 502, 506 (Ala. 1991).

The contracts at issue in this action were all made in Alabama, the sales of goods and services were made to SJW in Alabama, and from Nutrien's Motion for Summary Judgment, it appears that Nutrien argues that Alabama law should apply. (Doc. 20-1, pp. 9, 14.) Nothing in the two credit agreements suggests that any other state's laws apply. Accordingly, the Court will apply Alabama law.

## 2. Breach of Contract

To prevail on its breach of contract claim under Alabama law, Nutrien must establish the following elements against the Defendants: 1) a valid contract binding the parties; 2) the plaintiff's performance under the contract; 3) the defendant's nonperformance; and 4) resulting damages. *Dupree v. Peoplesouth Bank*, 308 So. 3d 484, 490 (Ala. 2020) (citations omitted). The Court finds that Nutrien has clearly satisfied each of these elements as to both credit agreements against SJW and as to the guaranty agreement for Credit Account Number 1 against the Wyrosdicks.

Nutrien's undisputed evidence reflects that SJW and the Wyrosdicks are in default due to their failure to make timely payments on Credit Account Number 1 and SJW as to

Credit Account Number 2, and therefore they have breached the credit agreements and guarantees identified above. Therefore, the Defendants are found to be indebted to Nutrien in the following amounts of principal and interest as of May 5, 2021:

- Credit Account Number 1 – SJW LLC, Steve Wyrosdick, & Jamie Wyrosdick = $627,048.08
- Credit Account Number 2 – SJW LLC = $85,801.58

There being no opposition to Nutrien's Motion for Summary Judgment, the Court, after a review of the pleadings and evidentiary materials filed by Nutrien, finds the Motion for Summary Judgment is due to be granted as there is no genuine issue for trial.

**3. Attorneys' Fees and Expenses**

In addition to the payment of unpaid principal and interest, Nutrien is also asking for an award of the attorneys' fees and expenses it has incurred in enforcing the credit agreements against the Defendants. Nutrien seeks its actual enforcement costs, not a fee based on the total amount owed by the Defendants. As it concerns Credit Account Number 1, the Defendants can each be liable for enforcement costs, but as to Credit Account Number 2, only SJW can be liable for enforcement costs. Nevertheless, in its supplemental filing of May 5, 2021, Nutrien clarified that it was only seeking enforcement costs against SJW. (Doc. 25.)

In support of its request, Nutrien has submitted an affidavit from its legal counsel in which he details the number of hours expended and the hourly rates charged to Nutrien. As of May 5, 2021, that amount currently stands at $18,990.45. That sum has been billed

7

to Nutrien and constitutes actual enforcement costs incurred in enforcing the credit agreements. Measuring that sum against what has transpired in this litigation and against the amount in total being sought from SJW (approximately 2.5%), the Court finds this sum, in addition to being actually incurred, to be entirely reasonable. *Willow Lake Residential Ass'n, Inc. v. Juliano*, 80 So. 3d 226, 241 (Ala. Civ. App. 2010) ("Alabama law reads into every agreement allowing for the recovery of attorney's fees a reasonableness limitation.").

## **CONCLUSION**

For the reasons stated above, it is

ORDERED and ADJUDGED as follows:

(1) To the extent Nutrien seeks summary judgment against Defendants, SJW LLC, Steve Wyrosdick and Jamie Wyrosdick on the claims in Count One of the Complaint, the Motion for Summary Judgment (Doc. 19) is **GRANTED** and these claims are dismissed with prejudice.

(2) A judgment is hereby entered in favor of Nutrien Ag Solutions LLC, f/k/a Crop Production Services, Inc., d/b/a Agrium Financial Services on the claim for Breach of Contract for money damages in the following amounts:

>1. Against Defendant SJW LLC for money damages in the total amount of **$731,840.11,** that being the total sum owed attributable to Credit Account Number 1 and Credit Account Number 2.
>
>2. Against Defendant Steve Wyrosdick for money damages in the amount of **$627,048.08**, that being the sum attributable to Credit Account Number 1 only;
>
>3. Against Defendant Jamie Wyrosdick for money damages in the amount of **$627,048.08**, that being the sum attributable to Credit Account Number 1 only;

    4. Of these sums, SJW LLC, Steve Wyrosdick and Jamie Wyrosdick are separately and severally liable for the sum of **$627,048.08**, that being the sum attributable to the debt and enforcement costs associated with Credit Account Number 1.

    5. Court costs are taxed against the Defendants; and

(3) The remaining claims against the Defendants are dismissed without prejudice.

The Clerk of the Court is DIRECTED to enter this document on the civil docket as a final judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

DONE and ORDERED on this the 7th day of May, 2021.

                                            /s/ R. Austin Huffaker, Jr.
                                      R. AUSTIN HUFFAKER, JR.
                                      UNITED STATES DISTRICT JUDGE